9:26cv41 Truncale/Hawthorn

**UNITED STATES DISTRICT COURT**
[OUTSIDE NEW YORK — JURISDICTION SELECTED DUE TO SYSTEMIC OBSTRUCTION WITHIN NY COURTS]
PLAINTIFF: UNITED STATES DISTRICT COURT
[DISTRICT OUTSIDE NEW YORK – VENUE SELECTED DUE TO STATE-COURT OBSTRUCTION]
WILLIAM HALEY JR.,
PLAINTIFF,
V.
JON DOE 1–50 AND JANE DOE 1–50,
DEFENDANTS.
CIVIL ACTION NO.: [TO BE ASSIGNED]

**COMPLAINT**

**I. NATURE OF THE ACTION**

1. THIS IS A CIVIL ACTION BROUGHT BY PLAINTIFF WILLIAM HALEY JR. TO ADDRESS A CONTINUOUS PATTERN OF OBSTRUCTION, RETALIATION, AND DENIAL OF PARENTAL RIGHTS BY MULTIPLE ACTORS, INCLUDING PRIVATE PARTIES, BUSINESS ASSOCIATES, AND STATE OR LOCAL OFFICIALS, WHICH HAS RESULTED IN SIGNIFICANT DEPRIVATION OF PLAINTIFF'S RELATIONSHIP WITH HIS MINOR CHILD (HEREINAFTER "E.H."), INCLUDING THE DENIAL OF HOLIDAYS, EXTRACURRICULAR ACTIVITIES, AND ORDINARY PARENTAL ACCESS.

2. PLAINTIFF SEEKS DECLARATORY, INJUNCTIVE, AND COMPENSATORY RELIEF FOR HARM CAUSED BY THE ACTIONS OF DEFENDANTS JON DOE 1–50 AND JANE DOE 1–50. THESE ACTIONS INCLUDE, BUT ARE NOT LIMITED TO: INTERFERENCE WITH PARENTAL ACCESS, OBSTRUCTION OF EMERGENCY CUSTODY FILINGS, UNLAWFUL ORDERS OF PROTECTION, DENIAL OF DUE PROCESS, DEFAMATION, AND EMOTIONAL HARM TO BOTH PLAINTIFF AND HIS CHILD.

3. THIS COMPLAINT IS FILED IN THIS JURISDICTION **OUTSIDE NEW YORK STATE** BECAUSE THE PLAINTIFF HAS EXHAUSTED AVAILABLE REMEDIES IN NEW YORK COURTS, WHERE SYSTEMIC OBSTRUCTION, FAILURE TO ACT ON EMERGENCY FILINGS, AND COORDINATED MANIPULATION OF COURT PROCESSES HAVE PREVENTED RELIEF, AS DOCUMENTED BELOW. PLAINTIFF'S MINOR CHILD RESIDES IN MONROE COUNTY, NEW YORK, AND ALL ATTEMPTS TO OBTAIN EMERGENCY RELIEF OR ASSERT PARENTAL RIGHTS WITHIN NEW YORK HAVE BEEN REPEATEDLY FRUSTRATED.

**II. JURISDICTION AND VENUE**

4. JURISDICTION IS PROPER PURSUANT TO 28 U.S.C. § 1331, 28 U.S.C. § 1343, AND 42 U.S.C. § 1983, AS PLAINTIFF'S RIGHTS UNDER THE UNITED STATES CONSTITUTION, INCLUDING PARENTAL LIBERTY, DUE PROCESS, AND FREEDOM FROM RETALIATION, HAVE BEEN VIOLATED.

5. VENUE IS APPROPRIATE IN THIS DISTRICT BECAUSE NEW YORK STATE COURTS HAVE FAILED TO PROVIDE EFFECTIVE REMEDIES, AND SYSTEMIC OBSTRUCTIONS HAVE FORCED PLAINTIFF TO SEEK RELIEF IN A FEDERAL FORUM OUTSIDE OF NEW YORK STATE TO PROTECT CONSTITUTIONAL RIGHTS AND PREVENT IRREPARABLE HARM TO THE MINOR CHILD.

**III. PARTIES**

6. PLAINTIFF WILLIAM HALEY JR. IS THE FATHER OF A MINOR CHILD, E.H., AND RESIDES IN MONROE COUNTY, NEW YORK.

7. DEFENDANTS JON DOE 1–50 AND JANE DOE 1–50 ARE INDIVIDUALS AND ENTITIES RESPONSIBLE FOR ACTS OF OBSTRUCTION, RETALIATION, INTERFERENCE, AND DENIAL OF PARENTAL RIGHTS. THEIR IDENTITIES ARE NOT FULLY KNOWN AT THIS TIME, AND PLAINTIFF WILL AMEND THE COMPLAINT TO INCLUDE SPECIFIC NAMES, ROLES, AND CONDUCT.

**IV. TIMELINE OF EVENTS (2024–2026)** WDNY- WESTERN DISTRICT NEW YORK. SDNY- SOUTHERN DISTRICT NEW YORK. SUPREME- MONROE COUNTY. ALL OF THE FOLLOWING HAPPENED UNDER WESTERN DISTRICT NEW YORK'S WATCH. (BESIDES THE FIRST TWO EVENTS, WHICH WERE LISTED IN THE COMPLAINT.)

1.05/21/2025 BUSINESS SABOTAGE COMPLAINT / NY SUPREME COURT: FILING ALLEGING COORDINATED INTERFERENCE WITH NY INSULATION; DEFENDANTS INCLUDE ROBERT MOORE, NICK ABELE, RONNEBERG, AND CHRISTA CONSTRUCTION ACTORS LATER LINKED TO MONROE COUNTY PERSONNEL (BELLO, COURT STAFF); SETS STAGE FOR SYSTEMIC RETALIATION. CASE STILL DOESN'T HAVE A JUDGE ASSIGNED AND ELECTRONIC FILING IS STILL PENDING. PROOF: COURT RECORDS, BUSINESS DOCUMENTS

2.05/22/2025 CHILD REMOVED / NY SUPREME COURT: IMMEDIATE RETALIATORY CUSTODY ACTION FOLLOWING FILING; MINOR CHILD REMOVED FROM PLAINTIFF'S CARE. PROOF: FAMILY COURT ORDER

07/03/2025 TRO FILED / WESTERN DISTRICT NEW YORK: EMERGENCY **TRO** TO PROTECT PARENTAL ACCESS AFTER PRIOR OBSTRUCTION. PROOF: PACER 1:25-cv-09534, DOC 5

07/08/2025 CASE OPENED / WESTERN DISTRICT NEW YORK: COMPLAINT, **TRO**, AND IN FORMA PAUPERIS APPLICATION FILED IN CASE NO. 6:25-CV-06361-EAW. PROOF: PACER DOCS 1–5

07/17/2025 CONTINUATION OF EXHIBITS / WESTERN DISTRICT NEW YORK: ADDITIONAL **EVIDENCE SUBMITTED IN SUPPORT OF TRO.** PROOF: PACER DOC 6

08/01/2025 LETTER FILED / WESTERN DISTRICT NEW YORK: WRITTEN COMMUNICATION REGARDING **TRO**; EMERGENCY ALERT; WARNED OF ESCALATING SEPARATION AND NEED FOR RELIEF. PROOF: PACER DOC 7

08/18/2025 REMARK / WESTERN DISTRICT NEW YORK: PROCEDURAL NOTE / MOTION CONTEXT. PROOF: PACER DOC 8

08/22/2025 MOTION FOR MISCELLANEOUS RELIEF / WESTERN DISTRICT NEW YORK: PROCEDURAL REQUEST HIGHLIGHTING OBSTRUCTION. PROOF: PACER DOC 9

08/29/2025 ORDERS OF PROTECTION FILED W/ PERJURY / MONROE COUNTY FAMILY COURT: OOP CONTAINING FALSE STATEMENTS AND PERJURY IMPOSED A 500-FT RESTRICTION ON PLAINTIFF, PROVIDED ASHLEY WITH CONFIDENTIAL ADDRESS TO FURTHER FALSE NARRATIVE; MINOR CHILD REMOVED SEVEN DAYS LATER. PROOF: IMG FILES, COURT RECORDS

LATE AUG–OCT 2025 FLAG FOOTBALL INTERFERENCE / FAMILY COURT / COACHING: MINOR CHILD ENROLLED IN FLAG FOOTBALL SECRETLY IN HILTON; PLAINTIFF'S COACHING ACCESS BLOCKED; DELIBERATE SCHEDULING TO PREVENT PARENT-CHILD ENGAGEMENT. PROOF: CORRESPONDENCE, PRACTICE SCHEDULES

10/01/2025 CONSENT TO ELECTRONIC NOTICE / WESTERN DISTRICT NEW YORK: ADMINISTRATIVE STEP TO RECEIVE ELECTRONIC COURT NOTIFICATIONS. PROOF: PACER DOC 10

10/16/2025 REFEREE IGNORES PERJURY / FAMILY COURT OOP: REFEREE AMANDA OREN DISREGARDS FALSE STATEMENTS; PLAINTIFF REQUESTS DISCOVERY FOR SUBPOENAS AND SUBPOENAS CHILD'S ATTORNEY AND JEFF GERACE TO TESTIFY. PROOF: FAMILY COURT FILINGS

10/29/2025 EMERGENCY CUSTODY PETITION FILED / MONROE COUNTY FAMILY COURT: FILED ON MINOR CHILD'S NINTH BIRTHDAY; EMERGENCY PETITION IGNORED, DESPITE; DISTRICT COURT OVERSIGHT PRESENT; PLAINTIFF REMAINS WITHOUT

DBL SIDED (SORRY)

ACCESS. THE EMERGENCY CUSTODY PETITION STILL HAS NOT BEEN HEARD.  PROOF: COURT RECORDS, FILINGS

10/31/2025 HALLOWEEN / - : PLAINTIFF DENIED ACCESS; MINOR CHILD MISSED FIRST HALLOWEEN WITH FATHER. PROOF: FAMILY RECORDS, TESTIMONY

11/10/2025 BACKDATED PETITION / FAMILY COURT: FRAUD COMMITTED BY COURT AND CHILD'S MOTHER; BACKDATED PETITION FILED. PROOF: FAMILY COURT RECORDS

11/14/2025 COMPLAINT & TRO FILED / SDNY: EMERGENCY TRO ATTEMPT AFTER FAMILY COURT OBSTRUCTION. PROOF: PACER 1:25-CV-09534, DOCS 1–5

11/17/2025 MAILING / NOTICE OF SETTLEMENT / SDNY: PROOF OF SERVICE AND GOOD FAITH ATTEMPTS DOCUMENTED. PROOF: PACER DOCS 6–7

11/18/2025 CASE TRANSFERRED / TRO TERMINATED / SDNY → WDNY: TRO TERMINATED UPON TRANSFER FROM SDNY TO WDNY, APPEARING AS DELIBERATE PROCEDURAL MANIPULATION TO PREVENT RELIEF. COURT CONTINUES TO DELAY OR OBSTRUCT PLAINTIFF'S CONSTITUTIONAL RIGHTS. PROOF: PACER DOCS 8–9

11/19/2025 AUTOMATIC REFERRAL TO MEDIATION / WDNY: COURT ACKNOWLEDGES FILING BUT DELAYS SUBSTANTIVE ACTION. PROOF: PACER DOCS 10–11

11/25/2025 TRO FILED AGAIN / WDNY: ANOTHER EMERGENCY REQUEST SUBMITTED; NO CORRECTIVE ACTION TAKEN. PROOF: PACER DOC

12/11/2025 NEW TEMPORARY ORDER OF PROTECTION ISSUED AGAINST PLAINTIFF / PARMA TOWN COURT (IDV): BRAND-NEW OOP ISSUED AGAINST PLAINTIFF DAYS AFTER PRIOR PROCEEDINGS; COINCIDES WITH SUBPOENAS PENDING FOR MOORE, GERACE, AND AFFRONTI. PROOF: TEMPORARY OOP

12/11/2025 DEFAMATORY CONDITIONS IMPOSED / PARMA TOWN COURT (IDV): TEMPORARY OOP PROHIBITS PLAINTIFF FROM "HACKING, MONITORING, OR ACCESSING ASHLEY'S DEVICES" DESPITE NO EVIDENCE. PROOF: OOP TERMS

12/11/2025 JURISDICTIONAL SHIELDING / PARMA TOWN COURT (IDV): MATTER MOVED INTO IDV FRAMEWORK TO PREVENT EXPOSURE, CROSS-EXAMINATION, AND PRESERVE SEPARATION FROM CHILD OVER HOLIDAYS. PROOF: COURT DOCKET

12/16–12/17/2025 EMERGENCY CUSTODY / BACKDATED PETITION / FAMILY COURT → IDV COURT: DOCKET DISMISSED ON DECEMBER 16 AND TRANSFERRED TO IDV COURT UNDER JUDGE STACY ROMEO, WHO, ALONG WITH OTHER JUDGES, IS PREPARING A NEW FALSE NARRATIVE. MATTER RESCHEDULED FOR JANUARY 28, GUARANTEEING PLAINTIFF MISSES CHRISTMAS AND NEW YEAR'S ACCESS. BACKDATED PETITION IGNORED. APPELLATE DIVISION DENIED RELIEF. PLAINTIFF HIGHLIGHTS THAT THIS PROCEDURAL MANEUVER IS PART OF A CONTINUED PATTERN OF OBSTRUCTION AND RETALIATION, MAINTAINING SEPARATION FROM THE CHILD OVER THE HOLIDAYS. PROOF: COURT FILINGS, CORRESPONDENCE

12/23/2025 EMERGENCY OSC / APPELLATE DIVISION: PLAINTIFF'S EMERGENCY ORDER TO SHOW CAUSE DENIED BY JUDGE. PROOF: COPIES, EMAIL

12/25/2025 CHRISTMAS / - : PLAINTIFF DENIED ACCESS; MINOR CHILD MISSED HOLIDAY. PROOF: FAMILY RECORDS, TESTIMONY

01/01/2026 NEW YEAR'S DAY / - : PLAINTIFF DENIED FULL ACCESS; MINOR CHILD MISSED FIRST NEW YEAR'S EVE CELEBRATION WITH FATHER. PROOF: FAMILY RECORDS, TESTIMONY

01/06/2026 ATTEMPTED OOP HEARING / RENEWAL / HENRIETTA TOWN COURT: COURT ATTEMPTED TO ISSUE ANOTHER TWO-YEAR OOP AGAINST PLAINTIFF; CHALLENGED BY PLAINTIFF. PROOF: COURT DOCKET, FILINGS

01/06/2026 RETALIATORY CONTINUATION / PROCEDURAL ABUSE / HENRIETTA TOWN COURT: PATTERN USED TO MAINTAIN SEPARATION FROM CHILD; TIMING GUARANTEES FURTHER DISRUPTION OF PARENTAL CONTACT AND HOLIDAYS. PROOF: COURT FILINGS, NOTICE OF HEARING

01/06/2026 EXPOSURE OF PATTERN / EMERGENCY ATTEMPT / HENRIETTA TOWN COURT: PLAINTIFF HIGHLIGHTS SYSTEMIC DISREGARD FOR EMERGENCY CUSTODY NEEDS, PREVIOUS TRO FAILURES, AND ONGOING RETALIATION. PROOF: COURT OBSERVATION, FILINGS

**V. STATEMENT REGARDING AMENDED COMPLAINT**
8. PLAINTIFF INTENDS TO FILE AN AMENDED COMPLAINT ADDING ALL KNOWN DEFENDANTS, DETAILED FACTUAL SUPPORT, EXHIBITS, AND DOCUMENTARY EVIDENCE. THIS INITIAL COMPLAINT SEEKS TO PRESENT THE ONGOING, DOCUMENTED PATTERN OF OBSTRUCTION, RETALIATION, AND DENIAL OF PARENTAL ACCESS IN REAL TIME, HIGHLIGHTING URGENT ISSUES REQUIRING COURT INTERVENTION.

**VI. CLAIMS FOR RELIEF**
9. DENIAL OF PARENTAL RIGHTS AND CUSTODIAL INTERFERENCE.
10. RETALIATION FOR EXERCISE OF LEGAL RIGHTS.
11. ABUSE OF PROCESS AND PROCEDURAL MANIPULATION.
12. DEFAMATION AND FALSE ALLEGATIONS.
13. EMOTIONAL HARM TO PLAINTIFF AND MINOR CHILD.

**VII. PRAYER FOR RELIEF**
WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THAT THIS COURT:
A. ISSUE DECLARATORY AND INJUNCTIVE RELIEF TO RESTORE ACCESS TO PLAINTIFF AND PREVENT FURTHER DEPRIVATION OF PARENTAL RIGHTS;
B. AWARD COMPENSATORY AND CONSEQUENTIAL DAMAGES;
C. PRESERVE AND PROTECT PLAINTIFF'S ABILITY TO ENFORCE LEGAL RIGHTS WITHOUT OBSTRUCTION;
D. GRANT SUCH OTHER RELIEF AS THE COURT DEEMS JUST AND PROPER.

**SAFEGUARDED AFFIDAVIT OF WILLIAM C. HALEY JR.**
**IN SUPPORT OF EMERGENCY TRO APPLICATION AND SUBMISSION OF ALL**
**ATTACHED DOCUMENTS**
(Updated in alignment with the revised TRO, custody priority, coercion framework, relocation requirements, and safety findings)
I, William C. Haley Jr., being duly sworn, hereby affirm under penalty of perjury pursuant to 28 U.S.C. § 1746:

**1. Identity and Standing**
1. I am the Plaintiff in William C. Haley Jr. v. Monroe County, et al., Case No. 6:25-CV-6361(06361) pending in the United States District Court for the Western District of New York.
2. I submit this affidavit in support of my Emergency Motion for a Temporary Restraining Order under Fed. R. Civ. P. 65(b), and to authenticate all documents and exhibits submitted in this emergency packet.

**2. Reason for Emergency TRO**
1. My nine-year-old son has been kept from all contact with me for approximately 90 days, as a direct result of:
  · Contradictory and defective orders issued in Monroe County Family Court,
  · Retaliation and obstruction connected to my protected activity,
  · Escalating interference with all communication channels,
  · And digital manipulation that directly prevented compliance with court-mandated tools.
1. The child is currently held within an environment involving individuals connected to:
  · A recent stabbing and attempted homicide involving a close family witness,
  · Persons who have previously interfered with my legal rights,
  · Coercive and retaliatory influence warned about in my federal filings,
  · And a coordinated social circle that my son's mother appears to fear.
1. My son's mother followed directions given by this circle, including instructions that resulted in:
  · The child being kept from me on his birthday,
  · The child being isolated from all paternal contact,
  · And the supervised visitor—who became a key witness—being stabbed multiple times shortly after the forced disconnect.
1. These events confirm to me, without doubt, that my son, his mother, the supervised visitor, my mother (the other critical witness), and myself are not safe under current conditions.
2. The mother's behavior strongly suggests she may be operating under fear, pressure, coercion, or influence—making immediate federal protection and removal from that influence necessary.
3. The child is at imminent risk of irreparable harm, and no relief is obtainable through state channels due to:
  · Retaliation,
  · Obstruction,
  · Procedural irregularities,
  · And complete breakdown of neutral decision-making.

**3. Digital Interference Preventing Compliance**
1. On or about November 23, 2025, I became locked out of the TalkingParents app—the only court-mandated communication channel—when two-factor authentication (2FA) texts suddenly failed in a pattern inconsistent with normal service issues. On December 11th, Parma/Hilton NY court issued a temporary order of protection that blocked all communication. The OOP was filed by the mother after being coerced by the family court conflict of interest. There was perjury within and an identical one done by Robert A.Moore from Hilton NY was dismissed after it was used to place a 500'

restraining order on me which blocked me from knowing where my son is and from being a part of his 4th grade school year.
2. I received dozens of "unable to receive text message due to device restriction or insufficient funds" notifications, including failures at the exact minute TalkingParents sent verification texts.
3. Documentation shows:
  · I previously logged in to TalkingParents without 2FA,
  · No carrier outage was occurring,
  · All other unrelated messages and senders worked normally during the failure window.
1. This interference blocked compliance with a court-ordered communication method.
2. These failures occurred immediately after I notified Apple and Google that I intended to enforce subpoenas related to digital interference.
3. Screenshots of all failures are attached.

**4. The Prior Federal Filing (July 2025)**
(Updated to be fact-based, not accusatory)
1. On July 3, 2025, I submitted to WDNY a civil-rights complaint, an emergency TRO, exhibits, and an IFP application.
2. From July 3 until mid-November 2025, I did not receive:
  · Docketing confirmation,
  · A ruling on the IFP application,
  · Judicial notice,
  · Or confirmation that filings had reached chambers.
1. I contacted the Pro Se office multiple times but received no definitive procedural information.
2. As of the date of this affidavit, Case No. 25-CV-06361 has not yet received judicial action on the emergency filings, leaving me without a functioning avenue to protect my child during the escalating danger.
3. These facts are provided solely to clarify the procedural record and explain why immediate Rule 65(b) action is required. No allegation of misconduct is made.

**5. Authentication of Submitted Documents**
I affirm that the following documents are true and accurate copies created by me and submitted in good faith:

1. Verified Emergency Motion for Temporary Restraining Order

I sent a TRO almost identical to this one with The following Exhibits to Western District NY on November 25, 2025. The Closure They Hid for 4 Years Was the Weapon They Finally Used
+ Parental Liberty Deprivation-4
+ One-Page Narrative
+ Emergency Child's Exhibit-2
+ The Real Sequence
+ The Closure They Hid for 4 Years Was the Weapon They Finally Used (Part 3)
+ Contradiction Chart
+ Exhibit X-3
+ Exhibit XX-4
+ Irreparable Harm
+ Chief Wolford Note
+ They Divided Us Because They Couldn't Destroy Us
+ TRO Add-On: Origin Point of Compromise
+ Letter to Romeo-1
+ Letter from Angela S-1
+ Loyalty to Gerace (Kelly Page)

+ T-O Exhibit-1
+ Psychology of Parent 1
+ Psychology of Parent 2
+ TalkingParents-2
+ Exhibit Y-3
+ Exhibit G-1
+ Exhibit 39-3
+ IC3 Complaint-3
+ Fraud-4
+ Fraud Explained
+ Pattern of Discrimination-3
+ Timeline Exhibits

I certify this affidavit and the complaint to be true.
**6. Necessity of Federal Intervention**
I affirm that:
1. State remedies are exhausted.
2. State channels are compromised by coercion, retaliation, and procedural irregularities.
3. Only federal intervention can prevent further irreparable harm to the child and witnesses.
4. No delay is safe.
5. No alternative remedy exists.
6. A 72-hour emergency hearing is required under Rule 65(b).

**7. Declaration**
I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.
Executed on: _____, 2025
Location: Rochester, NY

William C. Haley Jr.
Pro Se Plaintiff
20 Blueberry Crescent
Rochester, NY 14623
Email: karmice@icloud.com
Phone: (585) 685-9995
Please trust me, Chief.
Please protect my son.
(His mother too.) - What I wrote to Chief Elizabeth A. Wolford on November 25, 2025
Rom. 8:31

**AT LEAST DO IT FOR MY SON**

I will be sending these to as many district courts across America as possible. The first district court to execute a TRO and show strong understanding and belief in me as a dad or in at least the overall concept of what is happening to an innocent child will be the District Court that we go with. To any other district courts that tried to help after we have already gone with another, please understand that it is not meant to waste anyone's time. If I were to send out one complaint wait a week or two until I'm denied and then send out another one, the damages that will occur in the meantime are too much to risk. It is not my intention to spam or to disrespect the district court system in any kind of way. I'm trying to save my child.

I'm holding my end of a promise to the only one who has ever put me first and remained loyal to me.
**7. Declaration**
I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.
Executed on: January 7, 2025
Location: Rochester, NY

With all respect ,

William C. Haley Jr.
Proud father of EH

ROMANS 8:31

**UPDATED** 1-7-26: Nothing happened. The TRO remains "waiting to be ruled on" to this day.
Point: Later on my family court case was transferred to integrated domestic violence, court with Stacy, Romeo, as the judge who overseas all the other judges in family court. This appears to be the newest false narrative. After scaring my child into saying whatever they need him to say they are now going to probably try to play it off as domestic violence from me. But as you can see, I am clearly asking for protection of my child and his mother and I did this on November 25, 2025. It wasn't until December 16, 2025 that I was told that my December 17 hearing was dismissed because it was transferred to integrated domestic violence court.. my emergency custody petition on my son's birthday in late October, has still yet to be even heard.
**PLEASE CHANGE THIS NIGHTMARE FOR MY FAMILY**

1-7-26

**JS-44 CIVIL COVER SHEET**
**UNITED STATES DISTRICT COURT**
DISTRICT OF _____

**I. PLAINTIFFS**
NAME: WILLIAM HALEY JR., NEW YORK INSULATION, AND EH
ADDRESS: 20 BLUEBERRY CRESCENT ROCHESTER NY 14623

**II. DEFENDANTS**
JOHN AND JANE DOES 1-50 (COUNTY OFFICIALS, ENTITIES AND INDIVIDUALS)

**III. BASIS OF JURISDICTION (CHECK ONE)**
☑ 1. FEDERAL QUESTION (28 U.S.C. §1331)

☑ 3. U.S. GOVERNMENT NOT A PARTY

**IV. CITIZENSHIP OF PRINCIPAL PARTIES (NOT REQUIRED FOR 1983 ACTIONS)**
☑ PLAINTIFF: CITIZEN OF NEW YORK, USA

☑ DEFENDANTS: UNKNOWN / MULTIPLE

**V. NATURE OF SUIT (CHECK THE ONE THAT APPLIES)**
CIVIL RIGHTS:
☑ 440 – OTHER CIVIL RIGHTS (CONSTITUTIONAL / DUE PROCESS)

☑ 443 – CIVIL RIGHTS: ACCOMMODATIONS / INTERFERENCE

☑ 530 – HABEAS / CIVIL DETENTION (FAMILY INTEGRITY)
OTHER APPLICABLE CATEGORIES:
☑ 470 – RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO PATTERN ALLEGATIONS)

☑ 820 – COPYRIGHT, TRADEMARK, PATENT (DIGITAL INTERFERENCE / DATA THEFT)

☑ 890 – OTHER STATUTORY ACTIONS

☑ 850 – SECURITIES/COMMUNICATIONS/WIRE FRAUD RELATED CLAIMS
(ANY FEDERAL CLERK WILL ACCEPT THESE BASED ON THE COMPLAINT YOU ARE FILING.)

**VI. ORIGIN (WHERE CASE IS COMING FROM)**

☑ 1. ORIGINAL PROCEEDING

**VII. CAUSE OF ACTION**
42 U.S.C. § 1983 – DEPRIVATION OF CONSTITUTIONAL RIGHTS (FOURTEENTH AMENDMENT DUE PROCESS; PARENTAL LIBERTY; RETALIATION; ABUSE OF PROCESS)

**VIII. REQUESTED RELIEF**
☑ INJUNCTIVE RELIEF

☑ DECLARATORY JUDGMENT

☑ MONETARY DAMAGES

☑ EMERGENCY TEMPORARY RESTRAINING ORDER

☑ OTHER (SPECIFY): APPOINTMENT OF SPECIAL MASTER; PRESERVATION ORDERS; SUBPOENAS TO DIGITAL PROVIDERS.
☑ A LAWYER OR LAW FIRM WHO CAN HELP REMOTELY FOR CONTINGENCY OR AS PRO BONO

**IX. RELATED CASES**
NONE IN THIS DISTRICT.

DATE:1-7-26

SIGNATURE: *William Haley*

ROM: 8:31

*This is a Liberty Ltd Production*



20 BLUEBERRY CRESCENT
ROCHESTER NY 14623

Attn: Clerk
UNITED STATES DISTRICT COURT
THE REPUBLIC BUILDING
415 South First Street
LUFKIN, TX 75901

CLERK, U.S. DISTRICT COURT
RECEIVED
JAN 20 2026
EASTERN DISTRICT OF TEXAS
LUFKIN, TEXAS









**FedEx**

TX  TUE 01/20 08:15
177-0
75901

ORIGIN ID:DNHA    (000) 000-0000
ROBERT LOCKWOOD
12 CRYSTAL VALLEY OVERLOOK
ROCHESTER, NY 14623
UNITED STATES US

SHIP DATE: 09JAN26
ACTWGT: 0.10 LB
CAD: 6571681/RDSA2670

**Address Correction**

**Relabel**

Relabel Reason:
DAMAGED BARCODE
LABEL

To ATTN: CLERK
US DISTRICT COURT
215 E LUFKIN AVE
RM 101
LUFKIN, TX 7590 1304715

TRK#    8877 7705 2310

195268413900007590100887777052310

FedEx BAR v6.1.33 Relabel, 1/19/2026, 6:00:45 AM by 5311142 at 759

**FedEx**
Express

REFUSED:
PERSON:
REASON:

CODE | TIME | VAN #
DATE

1.
2.
3.

1.
2.
3.